IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 2:22-cr-200 |
| | ) |
| ADAM BIES | ) |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Jeffrey R. Bengel, Assistant United States Attorney for said district, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a fourteen-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 – 7 | Interstate Threats | 18 U.S.C. § 875(c) |
| | On or about August 12, 2022 (Count 1)<br>On or about August 12, 2022 (Count 2)<br>On or about August 11, 2022 (Count 3)<br>On or about August 11, 2022 (Count 4)<br>On or about August 10, 2022 (Count 5)<br>On or about August 10, 2022 (Count 6)<br>On or about August 10, 2022 (Count 7) | |
| 8 – 14 | Influencing and/or Retaliating Against a Federal Officer by Threat | 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4) |
| | On or about August 12, 2022 (Count 8)<br>On or about August 12, 2022 (Count 9)<br>On or about August 11, 2022 (Count 10)<br>On or about August 11, 2022 (Count 11)<br>On or about August 10, 2022 (Count 12)<br>On or about August 10, 2022 (Count 13)<br>On or about August 10, 2022 (Count 14) | |

**FILED**

AUG 16 2022

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSES

### A. As to Counts One through Seven:

In order for the crime of Interstate Threats, in violation of Title 18, United States Code, Section 875(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly sent a message in interstate commerce.

2. That the message contained a true threat to injure the person of another; that is, the defendant transmitted a communication that a reasonable person would view as a threat; and,

3. That the defendant transmitted the communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat.

> Elonis v. United States, 135 S.Ct. 2001, 2012 (2015); United States v. Elonis, 841 F.3d 589, 596 (3d Cir. 2016).

### B. As to Counts Eight through Fourteen:

In order for the crime of Influencing and/or Retaliating Against a Federal Officer by Threat, in violation of Title 18, United States Code, Sections 115(a)(1)(B) and 115(b)(4), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant threatened to assault, kidnap, or murder an agent of the Federal Bureau of Investigation;

   a. with the intent to impede, intimidate, or interfere with such agent while engaged in the performance of official duties, or

2

b.   with intent to retaliate against such agent on account of the performance of official duties.

> 18 U.S.C. § 115(a)(1)(B); United States v. Orozco-Santillan, 903 F.2d 1262, 1265 (9th Cir. 1990).

### III.  PENALTIES

**A.   As to Counts One through Seven: Interstate Threats (18 U.S.C. § 875(c)):**

1. A term of imprisonment of not more than five (5) years.

2. A fine of not more than $250,000.00 (18 U.S.C. §3571(b)(3)).

3. A term of supervised release of not more than three (3) years.

**B.   As to Counts Eight through Fourteen: Influencing and/or Retaliating Against a Federal Officer by Threat (18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4)):**

1. Imprisonment for not more than ten (10) years for a threat to kidnap or murder; imprisonment for not more than six (6) years for a threat to assault.

2. A fine not to exceed $250,000;

3. A term of supervised release of not more than three (3) years.

### IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V.  RESTITUTION

Restitution may be ordered in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Forfeiture is not applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*/s/ Jeffrey R. Bengel*

JEFFREY R. BENGEL
Assistant U.S. Attorney
DC ID No. 1018621
